IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN MARTINEZ and ANTONIO GUZMAN, on behalf of themselves and all others similarly situated, | ) ) ) ) | 4:09CV3079 |
| Plaintiffs, | ) ) | |
| V. | ) ) | MEMORANDUM AND ORDER |
| CARGILL MEAT SOLUTIONS, Corporation, | ) ) ) ) | |
| Defendant. | ) | |

The plaintiffs have filed a motion for conditional class certification. Filing No. 19. The plaintiffs' complaint alleges defendant Cargill Meat Solutions, Corporation ("Cargill"), compensated its non-exempt employees using a "line time" or "gang time" system and under this system, the plaintiffs and putative class members who work at defendant's meat packing plant at Schuyler, Nebraska are regularly forced to work "off the clock" without compensation in violation of the Fair Labor Standards Act, ("FLSA,"), 29 U.S.C. §§ 206-207, and 29 C.F.R. § 778.101. The plaintiffs claim Cargill paid them for the time they actually worked on the meat processing line but did not compensate them for all the time spent donning and doffing required protective gear, waiting in line to receive protective gear and knives, sharpening knives, and sanitizing knives and equipment. The plaintiffs seek damages and injunctive relief on behalf of themselves and, if a class is certified, all similarly situated Cargill employees.

The defendant's evidence opposing conditional class certification states the named plaintiffs were[1] members of the United Food and Commercial Workers CLC Local #22, AFL-CIO, and were paid on the gang time method, with the terms and conditions of their employment and compensation governed by a collective bargaining agreement ("CBA"). See filing no. 29-2, (Heller-Glen declaration), at CM/ECF pp. 5, 8, ¶¶ 6-7, 18-20. Section 6.08 of the CBA states:

> The parties agree that the time employees spend changing clothes, including the donning and doffing of safety clothing and equipment worn in their jobs, and the time they spend washing up before and after paid production work, shall be excluded from the employees' paid workdays. The parties agree, however, that employees who are required to wear safety clothing and equipment as defined in the agreement between Cargill Meat Solutions and United Food and Commercial Workers Local 22 shall be paid for an amount of time as determined by joint time studies beyond paid production work to compensate them for the time they spend outside of paid production work cleaning their safety clothing and equipment.

Filing No. 29-2, at CM/ECF p. 17.

The defendant's evidence indicates the plaintiffs' complaint, in essence, challenges the CBA's compensation terms as unlawful under the FLSA. However, the union has not been named as a plaintiff or defendant, has not moved to intervene, and there is nothing of record indicating it is aware of this lawsuit. The parties will be required to address whether mandatory or permissive joinder of the union is necessary or appropriate under Rule 19 of the Federal Rules of Civil Procedure, and plaintiffs' counsel will be ordered to provide the union with notice of these

---

[1] The named plaintiffs were no longer employed by the defendant when this lawsuit was filed. See filing no. 29-2, (Heller-Glen declaration), at CM/ECF p. 8, ¶¶ 19-20.

proceedings so the union can decide whether to move to intervene. See Fed. R. Civ. P. 24. Accordingly,

    IT IS ORDERED:

1) On or before November 9, 2009, the plaintiffs and defendant shall file a brief, along with an index of any relevant evidence the court should consider for determining if United Food and Commercial Workers Local Union No. 22 must or should be joined as a plaintiff or defendant under Rule 19 of the Federal Rules of Civil Procedure. Any responsive briefs and evidence shall be filed on or before December 4, 2009. No reply briefs shall be filed absent leave of the court for good cause shown.

2) On or before November 2, 2009, counsel for the plaintiffs shall serve United Food and Commercial Workers Local Union No. 22 with a copy of this order, along with a copy of the plaintiffs' complaint, the defendant's answer, and the plaintiff's motion to certify a class. Plaintiffs counsel shall file a certificate of service stating when, on whom, and in what manner the union was served.

DATED this 19th day of October, 2009.

                                 BY THE COURT:

                                 *Richard G. Kopf*
                                 United States District Judge