IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN MARTINEZ, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | 4:09CV3079 |
| V. | ) ) | |
| CARGILL MEAT SOLUTIONS, Corporation, | ) ) ) | **MEMORANDUM AND ORDER** |
| Defendant. | ) ) ) | |

This matter is before the court on Defendant's motion to consolidate (filing 41). Defendant contends that this case should be consolidated with *Haferland, et al. v. Cargill Meat Solutions Corp.*, Case No. 8:09-cv-247 (D. Neb. 2009) because the two cases present common issues of law and fact. Plaintiffs do not object to consolidation.

Defendant, who is likewise the defendant in the *Haferland* suit, also filed a motion for consolidation in the *Haferland* action. (Filing 19, Case No. 8:09-cv-247.) The *Haferland* plaintiffs oppose consolidation and filed an objection to consolidation in their proceeding. (Filing 25, Case No. 8:09-cv-247.) Because the *Haferland* suit was assigned to United States District Court Judge Joseph F. Battalion, the undersigned held the present motion for consolidation in abeyance pending reassignment of the *Haferland* action (filing 54). On December 15, 2009, Judge Battalion reassigned the *Hagerland* action to the undersigned for both disposition and pretrial supervision. (Filing 28, Case No. 8:09-cv-247.) Accordingly, this court will now rule on the motion for consolidation filed in this case, as well as the motion filed

in the *Haferland* proceeding.[1]

## 1.   Background

This case was filed on April 23, 2009, as a collective action under the Fair Labor Standards Act ("FLSA") (filing 1).  The action was filed on behalf of non-exempt current and former employees of Defendant's Schuyler, Nebraska facility who allegedly worked without pay while donning and doffing personal protective equipment.  (*Id.*)

*Haferland*, which  was filed on July 22, 2009, is also a FLSA collective action for alleged unpaid wages for donning and doffing at Defendant's Schuyler facility (filing 1).  However, the *Haferland* case also includes class action claims under the Nebraska Wage and Hour Act and Wage Payment and Collection Act.  (*Id.*)

## 2.   Consolidation

Federal Rule of Civil Procedure 42(a) allows for consolidation of cases involving common issues of law or fact as a matter of convenience and economy in judicial administration.  Fed. R. Civ. P. 42(a).  The consent of the parties is not required by Rule 42(a) for consolidation.  9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2383 (2d ed. 1994).  Whether to grant a Rule 12(a) motion to consolidate is within the sound discretion of the court.  *United States Envtl. Prot. Agency v. Green Forest*, 921 F.2d 1394, 1402-03 (8th Cir. 1990).

When ruling on a motion to consolidate, the court must weigh the saving of time and effort that would result from consolidation against any inconvenience,

---

[1] A separate memorandum and order will be issued in the *Haferland* action which addresses the *Haferland* plaintiffs' objections to consolidation.

2

expense, or delay that it might cause.  Wright & Miller, *supra*, § 2383.  "[D]istrict courts generally take a favorable view of consolidation . . ." *Id*.  Additionally, "[a]ctions involving the same parties are apt candidates for consolidation.  *Id*. at § 2384.  However, consolidation is inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp*., 135 F.3d 543, 551 (8th Cir. 1998)*.

After reviewing each of the cases at issue, this court concludes that consolidation is appropriate.  The plaintiffs in each action allege similar causes of injury against the same defendant.  Specifically, each of the actions are asserted by current and former employees to recover wages based on Defendant's alleged failure to pay for time spent donning, doffing and related activities.  There is no indication that consolidation will lead to inefficiency, inconvenience or prejudice any party.  Consolidation is in the interest of judicial economy and shall be ordered.

IT IS ORDERED:

1.     Defendant's motion to consolidate (filing 41) is granted;

2.     The above-captioned case is consolidated with *Haferland, et al. v. Cargill Meat Solutions Corp*., Case No. 8:09-cv-247 (D. Neb. 2009) for discovery, trial and all other purposes;

3.     The Clerk of the United States District Court for the District of Nebraska shall adjust its records to indicate that the above-captioned case is consolidated with *Haferland, et al. v. Cargill Meat Solutions Corp*., Case No. 8:09-cv-247 (D. Neb. 2009);

4.     The above-captioned case is hereby designated as the "Lead Case." *Haferland, et al. v. Cargill Meat Solutions Corp*., Case No. 8:09-cv-247 (D. Neb. 2009) is hereby designated as the "Member Case";

5.      The court's CM/ECF System now has the capacity for "spreading" text among the consolidated cases.  If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases.  To this end, the parties are instructed to file in the Lead Case, Case No. 4:09cv3079, all further documents except those described in paragraph 6 and to select the option "yes" in response to the System's question whether to spread the text;

6.      The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; or to file items related to service of process;

7.      If a party believes that an item in addition to those described in paragraph 6 should not be filed in all the consolidated cases, the party must move for permission to file the item in one or more individual member cases.  The motion must be filed in all the consolidated cases using the spread text feature.

December 30, 2009.

BY THE COURT:

*Richard G. Kopf*

United States District Judge