## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAN MARTINEZ, on behalf of himself and all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) CARGILL MEAT SOLUTIONS ) CORPORATION, ) ) Defendant. ) | Case No: 4:09CV3079 |
| DALE HAFERLAND, JUAN MUNOZ, KARLA VELASQUEZ, and MANUE CORONA, on behalf of themselves and all other similarly situated individuals, ) ) ) ) ) Plaintiffs, ) ) v. ) ) CARGILL MEAT SOLUTIONS ) CORPORATION, ) ) Defendant. ) | Case No. 8:09CV00247 |

## ORDER GRANTING JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION OF <u>CONFIDENTIAL INFORMATION</u>

Pursuant to the parties' Joint Motion and Stipulation, document numbers 80 and 50, and for good cause shown, IT IS HEREBY ORDERED that a Protective Order Regarding Production of Confidential Information shall be entered in this matter with the following provisions:

1. <u>The Scope of the Order</u>:

    a. The terms "confidential personnel information" shall mean any information related to an individual's employment with Defendant, whether current or past, concerning the individual's wages, hours or terms and conditions of employment, including but not limited to any disciplinary records or medical records;

    b. The terms "trade secrets" or "other confidential research, development or commercial information" are used in this Order in the same sense that the terms are used in Fed. R. Civ. P. 26(c)(1).

    c. The terms of this Protective Order shall apply to all confidential documents produced by Plaintiffs and Defendant in this case, any of the parties' interrogatory answers designated confidential and information gathered, obtained, recorded, analyzed or summarized by the parties' counsel and/or the parties' expert witnesses, including any expert reports or other written materials prepared by the parties' expert witnesses in connection with the above-captioned cases.

2. <u>Designation of Information and Documents</u>.

    a. The parties may designate in writing as confidential any information or documents they claim falls under the provisions of paragraph 1(a) and (b) of this Order.

    b. In the event that either party disputes the Designating Party's designation of information as set forth in paragraph 2(a) of this Order, the party challenging the designation shall first contact the Designating Party's

    counsel and confer in good faith regarding a resolution of the dispute. If such conference does not produce a resolution, the Designating Party may petition the Court for a ruling on such designation.

  c. The parties, their attorneys (including employees of their attorneys) and experts shall only disclose information designated confidential pursuant to paragraph 2(a) of this Order in accordance with the provisions of this Order.

  d. The parties, their attorneys (including employees of their attorneys) and experts shall only disclose information whose confidentiality is disputed pursuant to paragraph 2(b) of this Order if permitted by the Court to do so.

3. <u>Disclosure of Information and Documents</u>.

The parties, their attorneys (including employees of their attorneys) and experts shall not disclose, distribute or disseminate documents or information designated as confidential pursuant to paragraph 2 of this Order except to the following:

  The parties in the present suit and their agents and representatives for use in prosecution of the present suit.

4. The inadvertent or unintentional production or disclosure of information, including confidential or proprietary information without being designated as confidential shall not be deemed a waiver of a claim of confidentiality by the parties.

5. This Protective Order is not intended and shall not be construed to require the parties to produce any documents or information not otherwise subject to discovery under the Federal Rules of Civil Procedure.

6. Notwithstanding any provision herein, the parties have not by entering into this Protective Order, waived any evidentiary objection with respect to any document or information produced in this action, including, but not limited to information pertaining to or arising from the inspection, observation, and recording of activities at Defendant's Schuyler, Nebraska facility.

7. Notwithstanding anything contained in this Protective Order to the contrary, any party has the right to petition the Court for a modification, change, or revocation it might otherwise be entitled to assert regarding any discovery matter or other issue in these actions.  This Protective Order is entered at this time to facilitate discovery and to save time and expense to the parties and the Court.

IT IS SO ORDERED.

Dated:   June 17, 2010

BY THE COURT:

s/ *Cheryl R. Zwart*
United States Magistrate Judge